# EXHIBIT M

## Settlement Agreement and Release

This Settlement Agreement and Release (the "Agreement") is made and entered effective as of the date indicated below, by and between Bayou Group, LLC, Bayou Management, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC, ("Bayou Superfund"), Bayou No Leverage Fund ("Bayou No Leverage"), LLC, Bayou Affiliates Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited," and together with Bayou Fund, Bayou Superfund, Bayou No Leverage, and Bayou Affiliates, the "Bayou Hedge Funds") (collectively, the "Debtors") and Gordon Family CMS Investments, LLC (the "Gordon Family Fund" or "Fund"), on the other hand.

WHEREAS, on or about January 2, 2004, the Gordon Family Fund invested $500,000 (the "Investment") to acquire certain participation interests in Bayou Superfund; and

WHEREAS, on or about March 15, 2004, the Gordon Family Fund requested redemption and withdrawal of its participation interests in Bayou Superfund; and

WHEREAS, on or about April 6, 2004, Bayou Superfund made a transfer of its property in the amount of $461,200 to or for the benefit of the Gordon Family Fund (the "First Payment"); and

WHEREAS, on or about May 5, 2004, Bayou Superfund made a transfer of its property in the amount of $51,154 to or for the benefit the Gordon Family Fund (together with the First Payment, the "Redemption Payments"); and

WHEREAS, the Redemption Payments were equal to the amount of the Investment plus purported appreciation on the Investment of $12,354 (the "Fictitious Profits"); and

WHEREAS, on May 30, 2006 (the "Petition Date"), each of the Debtors filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code §§ 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors' cases have been procedurally consolidated and are being jointly administered by the Bankruptcy Court as In re Bayou Group, LLC, et al., Case No. 06-22306 (ASH) (the "Bankruptcy Case"). Under the control of Jeff J. Marwil, as the sole and exclusive managing member and authorized representative of each the Debtors (the "Managing Member"), the Debtors are debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108; and

WHEREAS, on February 29, 2008, Bayou Superfund commenced Adversary Proceeding No. 08-08236 (the "Adversary Proceeding") in the Bankruptcy Court against the Gordon Family Fund with the filing and service of a complaint (the "Complaint"). Through the Adversary Proceeding, Bayou Superfund sought, among other things, to (a) avoid and preserve that portion of the Redemption Payments consisting of Fictitious Profits, (b) set aside that portion of the Redemption Payments consisting of Fictitious Profits, and (c) recover that portion of the

Redemption Payments consisting of Fictitious Profits from the Gordon Family Fund for the benefit of the estates of the Debtors; and

WHEREAS, in view of the costs and uncertainty associated with continued litigation of the Adversary Proceeding, the parties have agreed to settle their differences, claims, and disputes, including the disputes embodied in or related to the Adversary Proceeding, the Investment, and the Redemption Payments upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and obligations set forth herein, and other good and valuable consideration, and subject to Bankruptcy Court approval, the parties hereby agree as follows:

1.  The Debtors will submit this Agreement to the Bankruptcy Court for approval through a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion"). The 9019 Motion shall be filed on notice to all parties-in-interest in the Bankruptcy Case, and shall request entry of an order by the Bankruptcy Court approving all of the terms of this Agreement. No party hereto shall contest or object to the Bankruptcy Court's approval hereof. Pending the hearing and determination of the 9019 Motion, the time within which the Gordon Family Fund must answer or otherwise respond to the Complaint is extended *sin die*. In the event the Bankruptcy Court declines to approve this Agreement, this Agreement shall be null and void and the Gordon Family Fund shall answer or otherwise respond to the Complaint within ten (10) days thereof.

2.  Within three (3) business days after the Bankruptcy Court's order approving this Agreement becomes final and non-appealable, the Gordon Family Fund shall pay $12,354 (the "Settlement Payment") to the Debtors.

3.  The Gordon Family Fund represents and warrants as follows:

    (i)   Michael Gordon ("Gordon") is and has been at all times since the Investment was made, on January 2, 2004, the managing member of the Gordon Family Fund and the only person with the authority to make investment decisions on behalf of the Gordon Family Fund.

    (ii)  The Redemption Payments are the only transfers that the Gordon Family Fund or Gordon has ever received, directly or indirectly, from or on behalf of Bayou Superfund, any of the other Debtors, Bayou Securities LLC, or any entity known by the Gordon Family Fund or Gordon to be an affiliate of any of them, except for certain transfers that were received by Gordon Family CMS Investments, LLC from Bayou Superfund which are the subject of a separate adversary proceeding.

    (iii) The Gordon Family Fund sought redemption and withdrawal of its Investment because the Fund wanted an investment that provided greater diversity with greater or equal returns, and lower risk Consequently, during a quarterly review with Lydian Wealth Management on February 25, 2004, the Gordon Family Fund decided to invest in a fund of funds, and, in April 2004, the Gordon Family Fund moved its monies to the CMS

2

       Aggressive Multi-Strategy Fund, a fund of funds run by Lydian that maintained an investment in Bayou. The purpose of the Gordon Family Fund's redemption and withdrawal was to invest in a fund offering diversity, comparable return, and lower risk.

(iv) At or prior to the time that the Gordon Family Fund took each of the Redemption Payments, neither the Gordon Family Fund nor Gordon had any knowledge or information, and did not receive any communication, that called into question the solvency, probity, regularity, or propriety of any of the Bayou Hedge Funds, Samuel Israel, Daniel Marino, any of the Debtors or any entity known by the Gordon Family Fund or Gordon to be an affiliate thereof, or Richmond-Fairfield Associates CPA, PLLC. In particular, at or prior to the time that the Gordon Family Fund took each of the Redemption Payments, the Gordon Family Fund and Gordon did not have any knowledge of any kind of (a) a lawsuit commenced in the United States District Court for the Eastern District of Louisiana, entitled "Paul T. Westervelt, Jr. and Paul T. Westervelt, III v. Bayou Management, L.L.C., Bayou Funds, Bayou Securities, L.L.C., Dan Marino and Sam Israel, III," Civil Action No. 03-0860, or (b) irregularities or issues concerning the calculation or confirmation of the Bayou Hedge Funds' or the Investment's net asset value or assets under management, the Bayou Hedge Funds' books and records, or Bayou Hedge Funds' trading activity, or (c) irregularities or issues concerning the method, timing, or amount of the Bayou Hedge Funds' payment of the Redemption Payments.

(v) Neither the Gordon Family Fund nor Gordon received any advice or suggestion to liquidate or redeem the Investment.

(vi) The Gordon Family Fund has made a diligent search of its business records and other files for documents pertaining to the Investment, the Redemption Payments, and the Debtors, and has provided the Debtors with a complete copy of such files.

The Debtors' acceptance of the Settlement Payment to compromise their claims and enter into this Agreement is expressly conditioned upon the foregoing representations and warranties. In the event that any of the foregoing representations and warranties of the Gordon Family Fund are false, the Gordon Family Fund agrees that such shall constitute a material breach of this Agreement.

  4. Effective upon receipt by the Debtors of the Settlement Payment, (i) the Debtors, and the Managing Member hereby release, acquit, and absolutely discharge the Gordon Family Fund and, as applicable, its past and present trustees, officers, directors, partners, employees, shareholders, agents, executors, sureties, insurers, attorneys, administrators, advisors, heirs, predecessors, successors, parent companies, subsidiaries, affiliates and/or assigns (collectively, the "Gordon Family Fund Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and all claims, known or unknown, arising out of or in any way related to

3

the Investment or the Redemption Payments, including but not limited to, claims to avoid or recover the Investment or the Redemption Payments or to place any lien, trust or encumbrance thereon, (ii) the Debtors shall promptly cause the Adversary Proceeding to be dismissed with prejudice and without costs, and (iii) the Debtors and the Managing Member each covenant that no further suit shall be brought, nor claim asserted, by any of them against the Gordon Family Fund Releasees based on the Investment or the Redemption Payments except for breach of this Agreement.

5. Effective upon receipt by the Debtors of the Settlement Payment, (i) the Gordon Family Fund, for itself and, as applicable, its past and present trustees, officers, directors, partners, employees, shareholders, agents, executors, sureties, insurers, attorneys, administrators, advisors, heirs, predecessors, successors, parent companies, subsidiaries, affiliates and/or assigns hereby releases, acquits, and absolutely discharges the Debtors, the Managing Member, Debtors' retained professionals, and the Debtors' various estates (collectively, the "Debtor Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims, known or unknown, arising out of or in any way related to the Investment or the Redemption Payments, (ii) the Gordon Family Fund covenants that no suit shall be brought, nor claim asserted, against the Debtor Releasees based on the Investment or the Redemption Payments except for breach of this Agreement, and (iii) the Gordon Family Fund waives the right to assert a claim in the Bankruptcy Case, whether under Section 502(h) of the Bankruptcy Code or otherwise, on account of the Settlement Payment.

6. Each party hereto represents and warrants that as of the date of execution of this Agreement, the execution and delivery of this Agreement has been duly authorized, that all necessary approvals have been granted, save only for the approval of the Bankruptcy Court, that any and all necessary actions have been taken, and that the undersigned has full and complete authority to enter into this Agreement on behalf of its respective party and to bind such party.

7. This Agreement, and all of its terms and provisions, shall be binding upon and inure to the benefit of the parties, and their respective successors, assigns, heirs, executors, and administrators, including, without limitation, any Chapter 11 or Chapter 7 trustee appointed for the Debtors.

8. Each party hereto warrants and represents that no other person or entity has any interest in the matters that such party releases herein, and that such party has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the claims that such party releases hereby.

9. Each party hereto warrants, represents, and agrees that in executing this Agreement, it does so with the full knowledge of any and all rights that it may have with respect to the controversies herein compromised and it has received independent legal advice from its attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts.

10. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute one and the same instrument.

4

An electronically transmitted facsimile of any signature shall be as binding as an original signature.

11. This Agreement may not be amended or modified other than in writing executed by all the parties.

12. This Agreement contains the entire agreement between the parties with respect to its subject matter, and expressly supersedes any and all prior agreements, written or oral. Any prior or contemporaneous agreements, contracts, promises, representations and statements among the parties hereto or their representatives as to the subject matter hereof are merged into this Agreement, and no oral statements, prior written drafts of this Agreement, or other writing, correspondence or memoranda shall be used to construe or interpret any provision hereof or of any related document.

13. This Agreement is a compromise and settlement of disputed claims and is the product of arms' length negotiations. The parties understand and agree that the Settlement Payment made shall not constitute or be construed as an admission or adjudication, express or implied, of any liability whatsoever with respect to any claims that are the subject matter of this Agreement, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the parties hereto has made such an admission. If the Agreement is not approved by the Bankruptcy Court, it shall not be used or relied upon for any purpose other than the enforcement of rights under this paragraph. The parties shall not contest that this Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by the Federal Rule of Evidence 408 and any similar state law, statute, rule, regulation, or other provision. Following Bankruptcy Court approval, this Agreement shall not be admissible in any proceeding other than a proceeding initiated solely for the purpose of enforcing the terms of this Agreement.

14. This Agreement shall be construed and governed under the laws of the State of New York.

15. The Gordon Family Fund submits to the jurisdiction of the Bankruptcy Court with respect to any disputes that may arise concerning the terms of this Agreement, but does not submit to the Bankruptcy Court's jurisdiction for any other purpose.

16. This Agreement has been fully negotiated by the parties. Each party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

17. By execution of this Agreement, each party acknowledges that if any of the provisions of paragraphs 1 through 9 of this Agreement shall be found to be invalid or unenforceable for any reason, this Agreement shall be null and void, whereupon the Debtors shall return the Settlement Payment to the Gordon Family Fund. Excepting the provisions of paragraphs 1 through 9, if any other provision of this Agreement is found invalid or unenforceable for any reason, such provision may be severed from the remainder of this

Agreement and the remaining provisions enforced as written to effectuate the purposes of this Agreement.

[signature blocks are on following page]

6

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, and represent the signatories hereunto to be duly authorized, all as of the date of execution.

Dated: ~~New York, New York~~ Chic IL  
~~April~~ 2/, 2008  
May

BAYOU GROUP, LLC, BAYOU MANAGEMENT LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPERFUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, AND BAYOU ACCREDITED FUND, LLC

By: _____  
Jeff J. Marwil,  
as Managing Member of each of the Debtors

Dated: Potomac, Maryland  
April 28, 2008

GORDON FAMILY FUND

By: _____  
Michael Gordon,  
Managing Member